Argued and submitted July 29, 2010, affirmed February 23, petition for review
denied May 26, 2011 (350 Or 408)

Stephanie MILLER,
Personal Representative for the
Estate of Austin Miller, Deceased,
*Plaintiff-Respondent,*

*v.*

TRI-COUNTY METROPOLITAN DISTRICT,
dba Tri-Met,
a governmental agency,
*Defendant-Appellant.*

Multnomah County Circuit Court
080608671; A142393

250 P3d 27

Kimberly Sewell argued the cause and filed the briefs for appellant.

Elden Rosenthal argued the cause for respondent. With him on the brief was Rosenthal & Greene, P.C.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Rosenblum, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

In this action for wrongful death, the issue is whether the personal representative brought two claims—one for each beneficiary—or one claim on behalf of the decedent. A provision of the Oregon Tort Claims Act (OTCA), *former* ORS 30.270 (2007), *repealed by* Oregon Laws 2009, chapter 67, section 20,[1] sets the limit of liability of any public body to any claimant at $200,000 general and special damages combined. Thus, if the personal representative brought two claims, the total limit was $400,000, but, if the personal representative brought one claim, the cap was $200,000. The trial court entered a judgment awarding plaintiff $375,000, $187,500 for each beneficiary. We affirm, because, in a wrongful death action, each beneficiary's claim is independently subject to the damages limit under ORS 30.270.

The material facts are not in dispute. Austin Miller was struck and killed by a bus operated by Tri-County Metropolitan Transportation District of Oregon (Tri-Met). His parents are his only statutory heirs, and his mother is the personal representative of his estate, the plaintiff in this case. Plaintiff filed this action for wrongful death against Tri-Met as the sole defendant.

The parties reached a settlement agreement that provided, in part:

"2. * * * For purposes of this settlement, the parties stipulate that each parent sustained damages of $187,500.00, $100,000.00 of which are general damages and $87,500.00 of which are special damages.

"3. The parties disagree on the amount of the judgment that would properly be entered based upon a jury verdict if plaintiff would prevail at trial.

"4. In order to avoid the necessity of trial, and in order to fully and finally settle the plaintiff's claim against Tri-Met, the parties agree:

---

[1] *Former* ORS 30.270 (2007), *repealed by* Or Laws 2009, ch 67, § 20, was repealed during the 2009 legislative session in a revision of the Oregon Tort Claims Act. That revision became effective on July 1, 2009, Or Laws 2009, ch 67, § 20, and is not applicable to this case. We refer to the 2007 version of the statute throughout this opinion.

"a. Tri-Met will pay the sum of $200,000 to the Estate of Austin Miller within two weeks of the Estate receiving Probate Court approval for the settlement.

"b. The Estate will submit a form of judgment to the Multnomah County Circuit Court seeking entry of judgment in the sum of $375,000, inclusive of any costs and fees. Tri-Met will submit a form of judgment to the Court seeking entry of judgment in the sum of $200,000, inclusive of any costs and fees. It is the intent of the parties that the Court will determine whether, based upon the stipulated facts and applicable legal authority, judgment shall be entered in the sum of $200,000 or $375,000. Any judgment entered shall not exceed $375,000 and will acknowledge and give Tri-Met satisfaction for the payment of the $200,000 sum as set out in paragraph 4a.

"c. Either party to this agreement may appeal from the judgment. The parties intend that they be able to present the issue of the damages limitation contained in the Oregon Tort Claims Act for consideration by Oregon's appellate courts. If an appeal from the judgment is dismissed for a procedural error related to the structure of this settlement or because of form, then the parties will attempt to restructure the judgment so as to enable the parties to pursue the appeal. In the event the parties are unable to achieve that result, the parties agree to submit the issue for consideration by way of a declaratory judgment action."

Accordingly, the parties submitted dueling proposed forms of judgment to the trial court. Tri-Met contended that the OTCA limited the recoverable damages in this wrongful death action to $200,000 in total. Plaintiff replied that the issue has been resolved in her favor by the Supreme Court in *Christensen v. Epley*, 287 Or 539, 601 P2d 1216 (1979), a case that we followed in *Neher v. Chartier*, 142 Or App 534, 923 P2d 653, *rev den*, 324 Or 323 (1996). Both cases hold generally that, in a wrongful death action under the OTCA, the personal representative acts as a nominal party and brings claims on behalf of each beneficiary that are independently subject to the OTCA limitations. *Christensen*, 287 Or at 545; *Neher*, 142 Or App at 542. The trial court agreed with plaintiff and entered a judgment awarding plaintiff $375,000 in damages, $187,500 for each parent.

On appeal, the parties renew their arguments. Tri-Met concedes that, under *Christensen* and *Neher*, both parents are individual claimants under the OTCA and that the individual limits under ORS 30.270(1)(b) apply to each person entitled to damages under the wrongful death statute, ORS 30.020. Nonetheless, Tri-Met presents two related arguments: First, Tri-Met argues that *Christensen* and *Neher* did not address ORS 30.270(2) and leave room for us to interpret the statute in the first instance. Second, according to Tri-Met, ORS 30.270(2) demonstrates a legislative intent to treat wrongful death actions involving loss of services and support as derivative of a claim by a single claimant—the decedent— and therefore subject to a single $200,000 limitation. Ultimately, Tri-Met argues, "no matter how many parents, spouses, or children there are who properly may state claims for loss of consortium arising from an injury to a single person, a public body's total limit of liability for all claims is the single limit of $200,000."

 Tri-Met's argument presents an issue of the meaning and application of the OTCA, ORS 30.270, and the wrongful death act, ORS 30.020. We construe the statutes in accordance with the methodology prescribed by *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), as amplified in *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009), whereby we examine the text of the statute in context and consider any helpful legislative history offered by the parties. Prior Supreme Court construction of a statute is authoritative and controls our construction of the statute. *Takata v. State Farm Mutual Auto. Ins. Co.*, 217 Or App 454, 458, 176 P3d 415 (2008) (citing *Mastriano v. Board of Parole*, 342 Or 684, 693, 159 P3d 1151 (2007)). Accordingly, we disregard Tri-Met's suggestion that, if its argument is foreclosed by *Christensen*, then that case was incorrectly decided; this court is not in a position to overrule Supreme Court precedent.[2]

_____

[2] Tri-Met appears to appreciate the thin ice upon which it stands, as it quotes the appellate briefing in *Christensen* in which the parties cited ORS 30.270(2) for some of its arguments. Thus, it appears that the parties put ORS 30.270(2) before the Supreme Court in *Christensen* and the Supreme Court rejected Tri-Met's argument.

■　　　Thus, we turn to whether Tri-Met's interpretation of ORS 30.270(2) can be reconciled with the Supreme Court's interpretation of ORS 30.270 and the wrongful death statute in *Christensen*. ORS 30.270 provides, in part:

> "(1)　Liability of any public body or its officers, employees or agents acting within the scope of their employment or duties on claims within the scope of ORS 30.260 to 30.300 shall not exceed:
>
> "\* \* \* \* \*
>
> "(b)　$100,000 to any claimant as general and special damages for all other claims arising out of a single accident or occurrence unless those damages exceed $100,000, in which case the claimant may recover additional special damages, but in no event shall the total award of special damages exceed $100,000.
>
> "(c)　$500,000 for any number of claims arising out of a single accident or occurrence.
>
> "(2)　No award for damages on any such claim shall include punitive damages. *The limitation imposed by this section on individual claimants includes damages claimed for loss of services or loss of support arising out of the same tort.*"

(Emphasis added.) Tri-Met relies on the italicized portion of ORS 30.270(2) to support its argument that the statute indicates a legislative intent to treat wrongful death actions involving claims for damages for loss of services or support as single claims derivative of a claim by the decedent and subject to a single limitation on damages under the OTCA.

　　　We note, initially, that the damages a beneficiary may recover in a wrongful death action are not limited to loss of services and support. ORS 30.020(2) provides:

> "In an action [for wrongful death,] damages may be awarded in an amount which:
>
> "(a)　Includes reasonable charges necessarily incurred for doctors' services, hospital services, nursing services, other medical services, burial services and memorial services rendered for the decedent;
>
> "(b)　Would justly, fairly and reasonably have compensated the decedent for disability, pain, suffering and loss of

income during the period between injury to the decedent and the decedent's death;

"(c) Justly, fairly and reasonably compensates for pecuniary loss to the decedent's estate;

"(d) Justly, fairly and reasonably compensates the decedent's spouse, children, stepchildren, stepparents and parents for pecuniary loss and for loss of the society, companionship and services of the decedent; and

"(e) Separately stated in finding or verdict, the punitive damages, if any, which the decedent would have been entitled to recover from the wrongdoer if the decedent had lived."

Thus, although a loss of services and support may be among the losses claimed in a wrongful death action, they are not the exclusive damages; therefore, we do not consider the legislature's reference in ORS 30.270(2) to "damages claimed for loss of services or loss of support" to be an indirect reference to wrongful death actions.

The more fundamental problem with Tri-Met's interpretation is that it is inconsistent with what the Supreme Court has said in *Christensen* about the interplay of the OTCA and the Wrongful Death Act. In *Christensen*, the court held that the Wrongful Death Act "provides, in effect, for an action to be brought in the name of the personal representative of the estate to enforce the individual claims of the [survivors] for the pecuniary loss to each of them and for the loss to each of them of the decedent's society, companionship and services." 287 Or at 546. Thus, the court held, the personal representative, in prosecuting such claims under the OTCA, "acts only as a nominal party, and is not a single claimant within the meaning of ORS 30.270(1)(b) so as to be subject to the * * * limitation imposed by that section." *Id.* at 548.

In reaching its conclusion, the court observed that, under a prior version of Oregon's Wrongful Death Act enacted in 1862, the measure of damages was the pecuniary loss suffered by the estate " 'without any *solatium* for the grief and anguish of surviving relatives or pain and suffering of the deceased.' " *Id.* at 544 (quoting *Carlson v. Oregon Short Line Ry. Co.*, 21 Or 450, 457-58, 28 P 497 (1892)). The court

explained that the prior version of the Act was abandoned and recovery under the current Act expressly provides "for the benefit of the spouse, children and parents of the decedent, not only for *their* pecuniary loss, but also for their loss of decedent's society, companionship and services, as well as for recovery to the estate of medical and funeral expenses, among other things." *Id.* at 545 (emphasis in original). *Christensen* held, in effect, that each beneficiary is entitled to recover up to the statutory limit of damages under the OTCA for those damages, which are a part of a claim for wrongful death, including damages for loss of companionship and services.

We followed the court's holding in *Neher*. In that case, the decedent was killed by the driver of a Tri-Met bus, and the decedent's father, as the personal representative of the estate, brought a wrongful death action. The beneficiaries of the estate were the decedent's parents. One of the issues in the case was whether, under ORS 30.270(1), special damages, in total, were limited to $100,000, or whether each beneficiary's recovery could include $100,000 in special damages. We rejected Tri-Met's contention that a single limit on special damages applied, as inconsistent with *Christensen*. Rather, we said that, when a personal representative brings a wrongful death claim under the OTCA, the personal representative sues on behalf of the decedent's beneficiaries, who individually constitute "claimants," and that the special damages limitation of ORS 30.270(1)(b) limits the amount that each claimant may recover. *Neher*, 142 Or App at 542. We said in *Neher* that ORS 30.270(1)(b) "does not address aggregate amounts, *i.e.*, it does not establish a cap on the total amount of money recoverable as a result of one individual's wrongful death." *Id.*

Although neither *Christensen* nor *Neher* specifically address ORS 30.270(2), the cases together establish that, in a wrongful death action brought under the OTCA, the personal representative sues on behalf of the decedent's beneficiaries, that the measure of damages includes, among other things, loss of society, companionship, and services, as well pecuniary losses, and that each beneficiary on whose behalf the personal representative sues is entitled to a separate limitation on damages. Thus, Tri-Met's argument that ORS 30.270(2)

imposes a single-claimant limit on the recovery of damages in wrongful death actions involving damages for loss of services and support is foreclosed by case law.

In any event, if we were interpreting the statute on a clean slate, we would reach the same conclusion. The unambiguous text of the statute makes clear that the reference in ORS 30.270(2) to two of the categories of damages that a beneficiary may recover in a wrongful death action does not reflect a legislative intent to limit those types of damages to a single claimant. Rather, the intention of the subsection is to emphasize that those types of damages are included within each individual claimant limitation set out in ORS 30.270(1)(b).

Finally, Tri-Met argues that we should follow the Minnesota Supreme Court's interpretation of the Minnesota tort claim act in *Rowe v. St. Paul Ramsey Medical Center*, 472 NW2d 640 (Minn 1991). In *Rowe*, the court held "that a spouse's claim for loss of consortium is included in the same liability cap that limits recovery by the injured spouse under [the Minnesota tort claims act]." *Id.* at 643. That case construes the relationship between the Minnesota tort claim act and a Minnesota action for *loss of consortium*, which distinguishes it from this *wrongful death* action under the OTCA. In any event, we conclude that *Christensen* and *Neher* preclude that result in Oregon. *Christensen*, 287 Or at 545; *Neher*, 142 Or App at 542.

The trial court did not err in entering a judgment awarding each beneficiary $187,500, totaling $375,000.

Affirmed.